IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WESTERN PACIFIC L-C CORP., a California corporation and CRAIG BROWN,<br>              Plaintiffs,<br>   v.<br>TIDEWATER CONTRACTORS, INC., an Oregon corporation; and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation; and DOES 1 through 10,<br>              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:07-cv-504-GEB-DAD<br><br>ORDER[*] |

Defendant United States Fidelity and Guaranty Company ("Fidelity") moves for summary judgment on Plaintiffs' Miller Act claims against it, arguing Plaintiff Western Pacific L-C Corp.'s ("Western Pacific") claim is untimely and Plaintiff Craig Brown

///

///

---

[*] This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

("Brown" or "Craig Brown") does not have standing to sue. Plaintiffs filed an untimely opposition.[2]

Defendant Tidewater Contractors, Inc. ("Tidewater") was the general contractor on a federal government construction project ("the Project"). (Pls.' Statement of Undisputed Material Facts in Opp'n of Mot. for Summ. J. Against Brown ("SUF") ¶ 1.) Tidewater rented lodging and office facilities ("the facilities"), located at "Brown's Camp," from Brown, and rented construction equipment from Western Pacific. (Id. ¶¶ 4-5.) Fidelity issued a payment bond to Tidewater securing payment for Tidewater's equipment providers. (Id. ¶ 2.) Plaintiffs allege Tidewater did not pay them in full for the equipment and facilities Tidewater rented. (Second Am. Compl. ¶ 34.) Plaintiffs further allege they are entitled to recover against Fidelity on the payment bond under the Miller Act, 40 U.S.C. §§ 3131 *et seq*. (Id. ¶¶ 27-35.)

## I. Western Pacific's Miller Act Claim[3]

Fidelity seeks summary judgment on Western Pacific's Miller Act claim, arguing the claim is untimely since it was filed more than one year after Tidewater returned the last of the equipment it had rented from Western Pacific. (Fidelity's Mot. for Summ. J. Against Western Pacific at 4.)

///

---

[2] "[R]egardless of whether [Plaintiffs] timely responded . . . to the [] motion for summary judgment," summary judgment may not be granted "unless [Fidelity] affirmatively show[s] that 'there is no genuine issue as to any material fact and that [they were] entitled to a judgment as a matter of law.'" Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003).

[3] The summary judgment standard is well known and need not be repeated.

1  A Miller Act claim must be commenced within "one year after
2 the day on which the last of the . . . material [was] supplied."  40
3 U.S.C. § 3133(b)(4).  Scott Fitzhugh, a Tidewater representative who
4 was involved in the Project, declares that Tidewater "returned all
5 equipment rented from Western Pacific no later than January 31, 2006."
6 (See Decl. Scott Fitzhugh in Supp. of Fidelity's Mot. for Summ. J.
7 Against Western Pacific ¶ 5.)  However, Brown testified in his
8 deposition that Western Pacific supplied a "grader" to Tidewater
9 during the summer of 2006.  (Brown Dep. at 114:17-115:7, 179:25-
10 180:6.)  Western Pacific's Miller Act action was filed on March 14,
11 2007.
12  Since a genuine issue of material fact exists as to when the
13 last of the equipment was supplied from Western Pacific to Tidewater,
14 Fidelity's timeliness motion on Western Pacific's Miller Act claim is
15 denied.

## II.  Brown's Miller Act Claim

17  Fidelity seeks summary judgment on Craig Brown's Miller Act
18 claim, arguing he lacks standing to bring this claim since "it is
19 undisputed that Lois M. Brown, not Craig Brown, is the owner of
20 Brown's Camp, the facilities at issue in this case."  (Fidelity's Mot.
21 Against Brown at 8:8-10; see SUF ¶ 7; Brown Dep. at 31:4-16.)
22  "[T]he Miller Act confines standing to an enumerated class:
23 persons who have '**furnished** labor or material in the prosecution of
24 the work provided for in such contract . . . and who ha[ve] not been
25 paid in full therefor[.]'"  City of Hope Nat'l Med. Ctr. v.
26 HealthPlus, Inc., 156 F.3d 223, 228 (1st Cir. 1998) (emphasis added)
27 (quoting United States v. Carter, 353 U.S. 210, 215 (1957)).  When the
28 plaintiff does not own the materials that were furnished, the

3

plaintiff can "only give to [the defendant] whatever right he had acquired from the []owner." Woods Constr. Co. v. Pool Constr. Co., 348 F.2d 687, 689 (10th Cir. 1965).

The record does not indicate what interest, if any, Craig Brown had in the facilities. The pertinent part of Craig Brown's deposition testimony is as follows: (1) he entered into an oral contract with Tidewater, wherein he leased the facilities to Tidewater; (2) his mother, Lois Brown, owned the facilities; (3) he negotiated the lease of the facilities to Tidewater while acting as the president of Western Pacific; (4) Western Pacific was entitled to use the facilities without paying rent to Lois Brown; (5) Tidewater's payments for its use of the facilities were deposited in Western Pacific's bank account; and (6) Lois Brown was not formally affiliated with Western Pacific; rather it is owned by a trust whose beneficiaries are Craig Brown and his two siblings. (Brown Dep. at 18:3-30:22, 31:4-32:6, 67:13-68:10, 230:21-231:5, 236:9-237:1.) Brown's testimony does not indicate that he had acquired any rights in Brown's Camp from his mother. (See id. at 18:3-30:22.) At most, Western Pacific had acquired the right to use Brown's Camp. (See id. at 236:9-237:1.) Since Craig Brown has not presented evidence showing he had any rights in Brown's Camp, he has not shown that he "furnished" materials within the meaning of the Miller Act.

Craig Brown counters he is nevertheless entitled to sue under Federal Rule of Civil Procedure ("Rule") 17(a). (Brown Opp'n at 9:18-20.) Rule 17(a) provides in part: "A party . . . in whose name a contract has been made for the benefit of another . . . may sue in his own name without joining with him the party for whose benefit the action is brought . . . ." Fed. R. Civ. P. 17(a). In other words,

4

the promisee in a third-party beneficiary contract may sue the promisor without joining the third-party beneficiary as a plaintiff. See id., Advisory Comm. Notes ("[T]he promisee in a contract for the benefit of a third party may sue as a real party in interest[, and] . . . the third-party beneficiary may sue (when applicable law gives him that right)."). A third-party beneficiary contract arises "[w]here one person for a valuable consideration engages with another to do some act for the benefit of a third person . . . ." Johnson v. Holmes Tuttle Lincoln-Mercury, Inc., 160 Cal. App. 2d 290, 296-297 (1958). Craig Brown contends he "is a representative who entered into a contract for the benefit of third parties (Lois Brown and Western Pacific) . . . ." (Brown Opp'n at 9:18-20.) However, whether Lois Brown or Western Pacific was a third-party beneficiary does not affect what rights, if any, Craig Brown had in the facilities he rented to Tidewater. Accordingly, even if Lois Brown or Western Pacific was a third-party beneficiary, Craig Brown does not present evidence showing he had any rights in the facilities that he could then "furnish" to Tidewater.

Craig Brown's argument may also be understood to contend that he entered into the contract to rent the facilities to Tidewater **on behalf of** Lois Brown or Western Pacific, acting as their representative. (See Brown Opp'n at 9:18-20.) To the extent Craig Brown contends he acted on behalf of Lois Brown, he offers no facts to support such a finding nor does the summary judgment record support drawing such an inference. (See Brown Dep. at 18:3-20:23, 67:13-68:10, 230:21-231:5, 236:9-237:1.)

To the extent Craig Brown contends he acted on behalf of Western Pacific when he rented the facilities to Tidewater, this

5

theory contradicts the pleadings since Plaintiffs allege in their complaint that Craig Brown rented the facilities to Tidewater "in his individual capacity" -- not on behalf of Western Pacific. (See Second Am. Compl. ¶¶ 4-5 ("Western Pacific rents, leases and operates heavy equipment," whereas "Craig Brown in his individual capacity rents and leases [lodging facilities]."); id. ¶ 13 ("Western Pacific provided labor, materials, and supplies to Tidewater . . . and [Craig] Brown provided lodging, materials and supplies to Tidewater . . . ."); id., Ex. 1 (separating Craig Brown's damages for unpaid rent for office and lodging facilities from Western Pacific's damages for unpaid equipment rental).)  Since "[P]laintiff[s] did not plead in [their] complaint" that Craig Brown acted on behalf of Western Pacific to rent the facilities to Tidewater, "[P]laintiff[s] cannot rely on this theory to survive [Fidelity's] summary judgment motion." Patmont Motor Werks, Inc. v. Gateway Marine, Inc., 1997 WL 811770, *5 (N.D. Cal. 1997); see Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) ("Because [plaintiffs] raised the . . . theory of liability for the first time at summary judgment, the district court did not err when it did not allow them to proceed on it.").

      While circumstances may exist where a court may allow amendment of the complaint in absence of a formal motion for leave to amend, see Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 n.2 (9th Cir. 1990), the Rule 16 Scheduling Order entered May 25, 2007, "preclude[s] [Plaintiffs] from raising a new theory of relief at the summary judgment stage." Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541, 548 (9th Cir. 1985).  The Rule 16 Scheduling Order stated that "[n]o further . . . amendments to the pleadings is permitted, except with leave of Court, good cause having been shown."  (See Rule 16

1  Scheduling Order at 2:6-8.)  "A Rule 16[] order controls the
2  subsequent course of action in the litigation unless it is modified by
3  a subsequent order.  Although we liberally construe pretrial orders, a
4  theory will be barred if not at least implicitly included in the
5  order."  Eagle, 769 F.2d at 548 (citing United States v. First Nat'l
6  Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981)).

7         To the extent Plaintiffs' Rule 17(a) argument can be
8  construed as a request to amend their complaint to allege the theory
9  that Craig Brown furnished the office and lodging facilities to
10 Tidewater on behalf of Western Pacific, such request is denied under
11 Rule 16's "good cause" standard since Plaintiffs have not shown good
12 cause.  See Coleman, 232 F.3d at 1294-95 (holding district court did
13 not abuse discretion in denying leave to amend to add new theory of
14 liability when opposing summary judgment since Rule 16 amendment
15 deadline had passed and plaintiffs had not shown good cause).

16        Accordingly, Fidelity's motion is granted on Craig Brown's
17 Miller Act claim since Brown has not presented evidence showing he has
18 standing to sue under the Miller Act.

### III. Conclusion

20       For the stated reasons, Fidelity's motion for summary
21 judgment on Western Pacific's Miller Act claim is denied and
22 Fidelity's motion on Craig Brown's Miller Act claim is granted.

23       IT IS SO ORDERED.

24 Dated:  April 2, 2008

26                              _____
                                GARLAND E. BURRELL, JR.
27                              United States District Judge

7